IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and CATHERINE )
WENSKUS, Assistant Administrator of the )
Funds. )
       Plaintiffs, )
              )   **Case No. 17 C 3921**
   v.          )
              )   **Honorable Harry D. Leinenweber**
HARMON MOTOR SERVICES & )
CONSTRUCTION, INC., )
       Defendant. )

## PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES

Plaintiffs, the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and

Welfare Department of the Construction and General Laborers' District Council of Chicago and

Vicinity (collectively the "Funds"), and Catherine Wenskus, pursuant to Rule 55 of the Federal Rules

of Civil Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against

Defendant Harmon Motor Services & Construction, Inc. In support of this Motion, Plaintiffs, by and

through their attorneys state the following:

1.  On May 24, 2017, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the

Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section

301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C.

§1331 alleging that at all material times Defendant, Harmon Motor Services & Construction, Inc.

(the "Company"), has an obligation, arising from a collective bargaining agreement ("CBA") to

make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and

maintain a surety bond. Plaintiffs attached a copy of the CBA to the Complaint as Exhibit A. In the Complaint, Plaintiffs specifically alleged that Defendant failed to report and pay contributions from September 8, 2012 through August 31, 2013 and from September 1, 2013 through March 31, 2016, as reflected by the audit reports, which were attached to the Complaint as Exhibit B (See Docket No. 1).

2.	On July 17, 2017, Summons and Complaint were served through the Secretary of State, after Plaintiffs' process server was unable to serve the Company's registered agent and president, Lorenzo Harmon at the registered agent's address of 7000 W. North Avenue, Suite 3B, Chicago, IL 60707. Plaintiffs also sent copy of summons and complaint by certified mail to Lorenzo Harmon at 1954 N. Natoma, Chicago, Illinois 60707 (See Docket No. 6, Affidavit of Compliance).

3.	The Court granted Plaintiffs' motion for default, on November 1, 2017, when Defendant failed to appear.

4.	As established by the Funds' Field Department Representative, Rocco Marcello, the independent auditing firm of Richard J. Wolf & Company, Inc. ("Wolf"), reviewed the Defendant's records which reflected contributions due to the Funds for the period from September 8, 2012 through August 31, 2013. Wolf's audit report dated September 23, 2013, reflects principal contributions owed to the Welfare, Pension, Training, LECET, LDCLMCC, CAICA, and for Union dues in the total amount of $1,761.66 (See, Exhibit A, Wolf Audit Report; Exhibit C, Affidavit of R. Marcello at ¶3; and Exhibit C1, Summary Report).

5.	Additionally, as established by Mr. Marcello, the independent auditing firm of Legacy Professionals, LLP ("Legacy"), reviewed the Defendant's records which reflected contributions due to the Funds for the period from September 1, 2013 through March 31, 2016. Legacy's audit report

2

dated April 10, 2017, reflects principal contributions owed to the Welfare, Pension, Training, LECET, LDCLMCC, CAICA, and for Union dues in the total amount of $15,585.43 (See, Exhibit B, Legacy Audit Report; Exhibit C, Marcello Affidavit at ¶4; Exhibit C2, Summary Report).

6.      According to the CBA and the respective Trust Agreements to which the Defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues. Also, interest is calculated at 12% (twelve percent) and is owed for all delinquencies. As such, based on the delinquent contributions to the Welfare, Pension and Training funds liquidated damages are owed in the amount of $330.04 per the Wolf audit and $2,923.28 per the Legacy audit; liquidated damages are owed based on delinquent contributions to LDCLMCC, CAICA and LECET funds and Union dues, in the amount of $11.15 per the Wolf audit and $96.90 per the Legacy audit; and interest is owed in the amount of $181.94 per the Wolf audit and $5,555.01 per the Legacy audit. The amounts for the respective liquidated damages and accumulated interest are established by Mr. Marcello's affidavit, and are further detailed in the Summary Reports that he prepared based from the respective audit reports and that are attached hereto as Exhibits C1 and C2 (See, Exhibit C at ¶5).

7.      As required by Article IX , paragraph 1 of the collective bargaining agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages and, Pension and Welfare Trust Contributions during the term of the Agreement. The Company was unable to provide written proof to the auditors that it had obtained such a surety bond (Exhibit C at

¶7; Exhibit A at 1).

7.      The cost of the Wolf Audit billed to the Funds was $600.00 and the cost of the Legacy Audit billed to the Funds was $2,501.28, which amounts the Defendant is also obligated to pay, based on the respective Trust Agreements to which it is bound (See Exhibit A, Exhibit B and Exhibit C at ¶6).

8.      Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $3,691.00 and $486.71 in costs, which consists of service of process and filing fees (See Exhibit D, Affidavit of Sara Stewart Schumann, and Exhibit D1 Fee Report).

**WHEREFORE,** Plaintiffs request entry of a judgment against Harmon Motor Services & Construction, Inc., in a total amount of $33,724.40, and a Court order demanding that Defendant within 60 days of the date of this judgment order provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara Stewart Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,

/s/ Sara S. Schumann
One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

January 9, 2018